[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER (NO. 133)
The plaintiff, John Slovak, has requested the personnel records, specifically the performance reviews, of the defendant, John Fusco. On September 26, 1994, the court, Thim, J., conditionally ordered the defendant, General Electric Capitol Corporation (GECC), to provide the records to the plaintiff. The order provided that if Fusco, who was not present in court on September 26, 1994, objected to the order he must do so within ten days. On October 4, 1994, Fusco filed a motion for protective order.
"The purpose of a protective order is to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. . . ." (Internal quotation marks omitted.) Beta Squared,Inc. v. Thor Designs, 8 CSCR 486 (April 19, 1993, McGrath, J.). Where the requested information is "reasonably calculated to lead to the discovery of admissible evidence," disclosure is proper.Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134, 139, CT Page 12285 491 A.2d 289 (1985).
 Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Practice Book § 218. General Statutes § 31-128f provides in part that:
 [n]o . . . information contained in the personnel file . . . of any employee shall be disclosed by an employer to any person . . . without the written authorization of such employee except . . . where the disclosure is made: (2) pursuant to a lawfully issued . . . judicial order. . . .
In the present case, the plaintiff alleges that he and Fusco worked for First New England Financial (FNEF) and that FNEF was subsequently purchased by GECC. The plaintiff alleges that while he was at FNEF, he handled the financial business and that Fusco was the chief executive officer. The plaintiff alleges further that Fusco deliberately lied about what the plaintiff's position at GECC would be, in order to induce the plaintiff to come with Fusco to work for GECC. The plaintiff alleges that his employment with GECC was terminated soon after the purchase.
The plaintiff argues that the personnel records of Fusco will show that he was deficient in the performance of his financial duties at GECC and was terminated. The plaintiff argues, therefore, that the personnel records would support his theory that Fusco needed to induce the plaintiff to come with him to GECC. The plaintiff has submitted a confidentiality order, which would permit disclosure of the personnel records to the plaintiff's attorney only. Fusco argues that the records are irrelevant to the plaintiff's claims. It is clear that the CT Page 12286 personnel documents relating to Fusco's performance at GECC would assist the plaintiff in the prosecution of his case. It is found that it is within the court's discretion to order the personnel files to be produced. It is further found that the court may restrict the production of personnel documents to documents that relate to Fusco's performance and may order that the documents be disclosed to the plaintiff's attorney only.
Accordingly, the motion for protective order is denied.
The court orders that the personnel records be produced per Judge Thim's order. However, the production of the records shall be subject to the confidentiality order that has been submitted by the plaintiff.
WILLIAM J. McGRATH, JUDGE